## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Ashwin Pacheco, ) | |
|     Plaintiff ) | |
| ) | **C. A. File No. 4:20-cv-** |
| v. ) | |
| ) | |
| BNS Management, Inc., Pushp Kumar Jain ) | |
| and Sunita Jain ) | **Jury Trial Requested** |
|     Defendants ) | |
| ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF Ashwin Pacheco and complains of Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1.      Mr. Ashwin Pacheco ("Mr. Pacheco" or "Plaintiff) brings this suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.      Mr. Pacheco seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages in the course of Plaintiff's employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3.      Mr. Pacheco brings this action under the FLSA, a federal statute that confers subject matter jurisdiction upon the Court pursuant to 28 U.S.C. § 1331.

4.      Further, the Court has personal jurisdiction over the Defendants because they reside in Texas and conduct business in this District.

5.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

III.

PARTIES

6.     Mr. Pacheco is a resident of Harris County, Texas.

7.     Defendant, **BNS Management, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Pushp Kumar Jain, at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found.

8.     Defendant, **Pushp Kumar Jain,** is an individual who may be served with summons and complaint at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found.  This Defendant, along with Defendant Sunita Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant.  As an 'employer', Mr. Jain is personally liable to Plaintiff under the FLSA.

9.     Defendant, **Sunita Jain,** is an individual who may be served with summons and complaint at her residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where she may be found.  This Defendant, along with Defendant Pushp Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant.  As an 'employer', Ms. Jain is personally liable to Plaintiff under the FLSA.

10.     Whenever in this complaint it is alleged that one or more of the above named defendants committed any act or omission, it is meant that in addition to the defendants,

defendants' agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such defendant or was done in the routine normal course and scope of employment of defendants' agents, servants, or employees.

11.     At all material times, each Defendant has been an "employer" as such term is defined in the FLSA. 29 U.S.C. § 203(d).

12.     At all material times, Plaintiff was an "employee" of each Defendant as such term is defined in the FLSA. 29 U.S.C. § 203(e).

13.     At all material times, Defendants have been an 'enterprise' as such term is defined in the FLSA. 29 U.S.C. § 203(r).  Defendants Pushp Kumar Jain and Sunita Jain are married, and they together own, control and operate the gasoline station, deli and convenience store doing business as Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530 (the "Exxon").  The business is part of an enterprise that performs related activities (i.e., those typical of a convenience store / gasoline station / deli), performed through common control, by related individuals for a common business purpose.

IV.
FACTS

14.     The "relevant period" herein is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

15.     During the relevant period, Defendants were subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*  The three-year statute of limitations of the FLSA is appropriate as the relevant period because the Defendants willfully violated the FLSA, in that Defendants have shown reckless disregard in their failure to comply with the overtime provisions of the FLSA.

16.     Also during the relevant period, Defendants were Mr. Pacheco's 'employer' under 29 U.S.C. § 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

17.     Further, in the context of the FLSA, the term 'employer' encompasses one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975).  Defendants were Plaintiff's joint employer.

18.     Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to Plaintiff.

19.     Defendants were subject to the requirements of the FLSA because both enterprise and individual based coverage existed during the relevant period.

20.     Individual coverage under the FLSA exists because at all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §§ 206-207.  In dispensing his duties for the Defendants as gas station / convenience store clerks, Plaintiff was engaged in interstate commerce. 29 U.S.C. §207(a)(2)(C).  Plaintiff sold gasoline to customers that included businesses' employees who were either travelling between states or had travelled to or from other states.  Additionally, Plaintiff sold many other items manufactured and imported from out of state, including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.  Plaintiff also utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

21.     Alternatively, enterprise coverage under FLSA exists because (1) Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) during the relevant 3-year period, the annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. §203(s)(1)(A)(i)-(ii).

22.     Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

23.     In the course of owning and operating a gasoline station / convenience store / deli, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handle materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.).  Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in ... commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

24.     On a regular basis, Mr. Pacheco observed assisting out-of-state customers with out-of-state addresses on customer ID's to whom he sold alcohol, and many out-of-state license plates of vehicles to whom he sold gasoline and other goods. *See, Hajiani v. Rose Servs.*, 2013 U.S. Dist. LEXIS 83783, *4-6, 20 Wage & Hour Cas. 2d (BNA) 1606, 2013 WL 2951062; *Khurana v. JMP USA, Inc.*, 2017 U.S. Dist. LEXIS 52063, *10-11, 2017 WL 1251102; *Brennan v. Ventimiglia*, 356 F. Supp. 281, 282-283, 1973 U.S. Dist. LEXIS 14138, *2-5.

25.     Therefore, Defendants' employees, including Mr. Pacheco, were engaged in commerce or in the production of goods for commerce, and/or were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

26.    Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

27.    Defendants are an enterprise in accordance to 29 U.S.C. §203(r)(1).  Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose.

28.    Defendants are a joint employer pursuant to 29 C.F.R.§791.2(b).  As employers, the Defendants are not completely disassociated with respect to Plaintiff's employment, and are thus deemed to share control of said employment, directly or indirectly, by reason of the fact that Defendants' Exxon was, and is, under their common control. 29 C.F.R. §791.2(b)(3).

29.    Defendants are an integrated enterprise, as "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

30.    The individual Defendants – Pushp Kumar Jain and Sunita Jain – jointly own, control and operate the named legal entity Defendant (BNS Management, Inc.), which in turn owns and operates the Exxon.

31.    Because these individual Defendants are the sole owners, directors, and officers of BNS Management, Inc., the Exxon is under their common control.

32.    Further, as owners, directors, and officers of BNS Management, Inc., the individual Defendants possess the authority to set wage and overtime policies and procedures affecting all employees of the Exxon, including the Plaintiff.

33.    Pursuant to this authority, the pay procedures Defendants implemented for Exxon violated the FLSA's overtime pay provisions as to each employee, including the Plaintiff.

34.     Mr. Pacheco worked for the Defendants at the Exxon as a clerk from May 1, 2017, until April 30, 2019.  He worked each day from 1:00 p.m. until 12:00 a.m.

35.     Mr. Pacheco was promised a wage of $11.50 per hour, and all wages he received were in cash.

36.     The Defendants informed Mr. Pacheco that he would not be receiving any overtime pay despite having to work overtime hours on a weekly basis.

37.     Throughout his employment, Mr. Pacheco was required to perform duties that are typically performed by "hourly" or non-exempt employees.

38.     In performing his duties as a clerk for the Defendants, Mr. Pacheco sold gasoline to individual customers and business employees, including those who were either travelling between states or had travelled to or from other states.

39.     Mr. Pacheco routinely sold numerous other items that were manufactured and acquired from out of state, including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.

40.     In performing his job duties for the Defendants, Mr. Pacheco routinely utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

41.     To maintain the Exxon, Mr. Pacheco routinely used materials and cleaning supplies that had been moved across state lines (i.e., Clorox bleach, Windex, soaps, detergents, mops, brooms, brushes, towels and other cleaning chemicals).

42.     Plaintiff routinely and regularly engaged in these duties and he was thus routinely and regularly engaged in interstate commerce.

43.     Defendants willfully violated the FLSA, including the decision to pay Mr. Pacheco with cash only at his straight-time hourly rate, and the decision not to pay any overtime wages.

44.     By doing so, Defendants willfully and unlawfully circumvented the overtime pay provisions of the FLSA.

45.     Mr. Pacheco now seeks all unpaid overtime wages from the Defendants, and all other damages the FLSA allows an employee to recover.

V.

CAUSE OF ACTION

Violation of the FLSA – Failure to pay overtime wages

46.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47.     Mr. Pacheco was a non-exempt employee of Defendants.

48.     Individual coverage exists under the FLSA.

49.     Enterprise-wide coverage exists under the FLSA.

50.     As a non-exempt employee, Mr. Pacheco was entitled to receive overtime pay for all hours worked in excess of 40 during each seven-day workweek.

51.     Defendants did not pay the overtime wages Mr. Pacheco earned during each workweek despite working well in excess of 40 hours each week.  As such, Defendants violated 29 U.S.C. § 201 *et seq*., including particularly 29 U.S.C. § 207.

52.     Defendants' violations of the FLSA were willful because they devised a pay scheme that circumvented the statute's overtime pay provisions.

53.     Defendants further violated the FLSA because they failed to maintain complete, accurate and contemporaneous employee work records, including the number of hours Mr. Pacheco worked, and the wages he earned.

54. Even though Mr. Pacheco worked more than 40 hours each week, Defendants carried out, week after week, a pattern and practice of not paying Mr. Pacheco's overtime wages.

55. Mr. Pacheco seeks all unpaid overtime wages.

56. Mr. Pacheco further seeks an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

57. Pursuant to 29 U.S.C. §216(b), Mr. Pacheco seeks attorney's fees and costs for bringing this action, which states in part that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

58. Mr. Pacheco also seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VI.
## JURY DEMAND

59. Mr. Pacheco makes a formal demand for trial by jury.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ashwin Pacheco respectfully requests that upon jury trial and verdict in his favor, the Honorable Court enter a Final Judgment, assessed against Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain, jointly and severally, as follows:

a. Declare that Defendants violated the FLSA, specifically 29 U.S.C. § 207, by failing to pay Mr. Pacheco overtime wages at one-and-one-half times his base hourly rate for all hours he worked in excess of 40 during each seven-day workweek;

b. Declare that Defendants' violations of the FLSA are willful;

c. Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

d.   Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, awarded against the Defendants; and,

e.   Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:      /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Ashwin Pacheco**